UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    )<br>        Plaintiff,    )<br>    )<br>  v.    )<br>    )<br>JUSTIN PAUL RAMOS,    )<br>    )<br>        Defendant.    )<br>_____ ) | 3:14-CR-0007-LRH-WGC<br><br>ORDER |

Before the court is defendant Justin Paul Ramos's ("Ramos") motion challenging evidence and motion in limine. Doc. #24.[1]

**I.    Facts and Procedural History**

Defendant Ramos is charged by Indictment of a single count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. #1. In anticipation of the trial set to begin on Wednesday, April 23, 2014, the government submitted an intended exhibit list identifying several documents and other physical evidence it seeks to introduce at trial. Doc. #23. Thereafter, Ramos filed the present motion in limine to exclude several of the identified exhibits. Doc. #24.

///

---

[1] Refers to the court's docket number.

### III. Legal Standard

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2012). The decision on a motion in limine is consigned to the district court's discretion–including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless "the evidence [is] inadmissible on all potential grounds." *See, e.g., Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Even then, rulings on these motions are not binding on the trial judge, and they may be changed in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41 (1984).

### III. Discussion

In his motion, Ramos seeks to exclude four separate exhibits as either (1) irrelevant to the charge of felon in possession of a firearm, or (2) as unfairly prejudicial. *See* Doc. #24. The court shall address each challenge below.

#### A. Exhibits 5a to 5i

The government has identified and marked several documents purporting to establish that defendant Ramos is a felon, being previously convicted of the crime of voluntary manslaughter in San Joaquin County, California. These documents are marked and identified as government exhibits 5a through 5i. *See* Doc. #23.

In his motion, Ramos argues that these documents are insufficient to establish that he was found guilty of the crime of voluntary manslaughter because they do not contain a certified judgment from the California court, or other reliable document of conviction. Rather, Ramos argues that the court documents - including minute orders, an abstract of judgment, clerk's minutes, the initial charging document, and a prison commitment - are insufficient on their own to establish

2

that he is a felon, and for that reason, the documents are irrelevant to this action and should be excluded from trial.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Generally, all relevant evidence is admissible. FED. R. EVID. 402. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008).

The court finds that the identified exhibits, although not the most direct or easiest manner to establish a prior conviction, are still relevant to this action as they have the tendency to make a fact of consequence, to wit, whether Ramos was convicted of a felony in San Joaquin County, California, more probable than it would be without that evidence. Therefore the court shall deny Ramos's motion as to this issue.

**B. ATF Agent Michael LaRusso**

The government has identified and marked several documents purporting to establish that the weapon found in the possession of defendant Ramos was part of interstate commerce. These documents are marked and identified as government exhibits 3 and 4a through 4c. *See* Doc. #23. It is anticipated that ATF Agent Michael LaRusso ("Agent LaRusso") will testify as an expert and offer his opinion testimony based on these exhibits.

In his motion, Ramos makes two arguments. First, he argues that the underlying exhibits are irrelevant because they fail to establish, unequivocally, that the firearm was used in, or was otherwise a part of, interstate commerce. However, the court finds that the exhibits, which contain firearm serial number tracing documents, as well as the ATF Nexus determination, have the tendency to make a fact of consequence, to wit, whether the firearm was a part of interstate commerce more probable than it would be without that evidence. As such, the court finds that these documents are relevant evidence.

///

3

Second, Ramos argues that Agent LaRusso should be precluded from testifying as an expert because his entire testimony will be nothing more than a recitation of these documents. *See e.g., United States v. Brownlee*, 744 F.3d 479 (7th Cir. 2014) (holding that the *entirety* of an expert's opinion cannot be the mere recitation of the out of court statements of others). However, at this juncture, the court and the parties have not heard the extent of Agent LaRusso's testimony, nor the context in which it will be offered. Therefore, the court shall deny his challenge without prejudice until such time that the court can consider Agent LaRusso's testimony, as well as the challenged exhibits, in the context in which they are offered.

**C.  Exhibit 1**

Exhibit 1 is a 911 call from December 23, 2013, received by officers of the Sparks Police Department which ultimately led to the arrest of defendant Ramos. Ramos argues that other than the fact that a firearm was found on his person as a result of his arrest, the 911 contains irrelevant and inflammatory information which is unfairly prejudicial to him and should be precluded from trial.

Under Rule 403, the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403. Further, evidence may be excluded when there is a significant danger that the jury might base its decision on emotion or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *U.S. v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

Here, the court is yet unfamiliar with the contents of the 911 call and Ramos has failed to identify any specific portions of the call or any specific information that it contains that should be excluded. Instead, Ramos seeks a general ruling that the entire call should be precluded. Based on the lack of specificity in identifying which portions of the 911 call are prejudicial and an absence of any explanation of how those portions are more prejudicial than probative, the court shall deny Ramos's challenge without prejudice. Ramos shall have leave to raise any relevant evidentiary

4

1  issues at trial, when the court can consider and rule on specific evidence and testimony in the
2  context in which it is offered by the parties. In this regard, the court would consider allowing
3  Ramos to address his evidentiary concerns outside the presence of the jury if necessary.

4    **D.  Exhibit 8**

5    Exhibit 8 includes several calls Ramos allegedly made from jail after his arrest in
6  December, 2013. Ramos argues that these calls are prejudicial because they establish that he is
7  currently in custody. However, once again Ramos has failed to identify any specific portions of the
8  calls or any specific information that should be excluded. Further, Ramos fails to explain how the
9  calls are more prejudicial than probative as the probative value of the calls is yet unknown.
10  Therefore, and in concert with the court's holding above, the court shall deny Ramos's challenge
11  without prejudice and allow Ramos to raise any relevant evidentiary issues at trial, when the court
12  can consider and rule on specific evidence in the context in which it is offered.

14    IT IS THEREFORE ORDERED that defendant's motion in limine (Doc. #24) is DENIED
15  without prejudice.

16    IT IS SO ORDERED.
17    DATED this 21st day of April, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE